IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE DELBERT JAMES,

    Petitioner,                 No. 2: 10-cv-0949 KJN P

    vs.

JAMES YATES,

                               ORDER

    Respondent.

        Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties have consented to the jurisdiction of the undersigned.

        This action is proceeding on the original petition filed July 24, 2009. Petitioner challenges his 2003 conviction for attempted robbery and numerous other theft offenses, with prior convictions. Petitioner was sentenced to twenty years and eight months in prison. The petition raises the following claims: 1) ineffective assistance of counsel; 2) judicial misconduct during sentencing.

        Pending before the court is respondent's June 22, 2010 motion to dismiss on grounds that this action is barred by the statute of limitations. After carefully considering the record, the undersigned orders that respondent's motion is granted.

1

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On May 16, 2003, petitioner was sentenced to twenty years and eight months in prison. (Respondent's Lodged Document 1.) Petitioner did not appeal. Accordingly, petitioner's conviction became final on July 15, 2003, i.e. sixty days after the time for filing a direct appeal expired. See Cal. Ct. R. 8.308(a) ("[A] notice of appeal ... must be filed within 60 days after the rendition of the judgment or the making of the order being appealed.") Petitioner had one year from July 15, 2003 to file a timely federal petition. The instant action, filed July 24, 2009, is not timely unless petitioner is entitled to statutory or equitable tolling[1].

The period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Pursuant to the mailbox rule, petitioner filed his first state habeas petition in the Sacramento County Superior Court on July 20, 2008. Petitioner is not entitled to statutory tolling because he did not file his

---

[1] The record does not suggest that the statute of limitations runs from a later date.

1  state habeas petitions within the limitation period.  See Ferguson v. Palmateer, 321 F.3d 820, 823
2  (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).
3         In neither the petition nor the opposition does petitioner make an argument for
4  equitable tolling.  Accordingly, for the reasons discussed above, petitioner's habeas petition is
5  barred by the statute of limitations.
6         Accordingly, IT IS HEREBY ORDERED that
7         1. Respondent's motion to dismiss (Dkt. No. 12) is granted; this action is
8  dismissed;
9         2. The court declines to issue the certificate of appealability referenced in 28
10 U.S.C. § 2253.
11 DATED:  September 14, 2010

                                              KENDALL J. NEWMAN
                                              UNITED STATES MAGISTRATE JUDGE

jam949.mtd